Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/19/2024 09:09 AM CDT

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Bradley A. Sipp, respondent.

___ N.W.3d ___

Filed July 19, 2024.    No. S-24-146.

Original action. Judgment of disbarment.

Kent L. Frobish, Assistant Counsel for Discipline, for relator.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the voluntary surrender of license filed by the respondent, Bradley A. Sipp, on June 25, 2024. The court accepts the respondent's voluntary surrender of his license and enters a judgment of disbarment.

## STATEMENT OF FACTS

The respondent was admitted to the practice of law in the State of Nebraska on September 16, 2008. At all times relevant to these proceedings, the respondent was engaged in the practice of law in Lincoln, Nebraska. Pursuant to Neb. Ct. R. § 3-302, the respondent is under the jurisdiction of the Committee on Inquiry of the First Judicial District.

On May 12, 2023, we temporarily suspended the respondent's license to practice law for 9 months due to allegations that he had neglected the cases of four former clients. *State ex*

rel. Counsel for Dis. v. Sipp, 314 Neb. 208, 989 N.W.2d 712 (2023). During the time the respondent was under investigation for those charges, he engaged in the misconduct set forth in the formal charges and summarized below. The respondent's license remains suspended.

On February 28, 2024, the Counsel for Discipline of the Nebraska Supreme Court, the relator, filed formal charges against the respondent. The charges consisted of 13 counts arising from his representation of 13 separate clients and allege that by his actions, the respondent violated his oath of office as an attorney licensed to practice law in the State of Nebraska, as provided by Neb. Rev. Stat. § 7-104 (Reissue 2022), and violated several provisions of the Nebraska Rules of Professional Conduct. In each count, it was alleged that the respondent neglected his client's case, Neb. Ct. R. of Prof. Cond. § 3-501.3; failed to communicate with his client, Neb. Ct. R. of Prof. Cond. § 3-501.4; and failed to respond to the investigation of the relator, Neb. Ct. R. of Prof. Cond. § 3-508.1. Counts I through V additionally alleged that the respondent engaged in conduct that is prejudicial to the administration of justice, Neb. Ct. R. of Prof. Cond. § 3-508.4(d) (rev. 2016). Counts III, V, VI, VIII, IX, XI, and XII of the formal charges also alleged that the respondent failed to provide an accounting of his time to his client, Neb. Ct. R. of Prof. Cond. § 3-501.5, and failed to return materials to the client upon termination of the representation, Neb. Ct. R. of Prof. Cond. § 3-501.16. Count VI alleged that the respondent misappropriated $9,200 of his client's funds, committed a criminal act, and engaged in conduct involving dishonesty and fraud, all in violation of § 3-508.4(b) and (c).

The respondent was personally served with summons and the formal charges on March 21, 2024. The respondent failed to file an answer to the formal charges. On April 23, the relator filed a motion for judgment on the pleadings. The respondent did not respond to the motion for judgment on

the pleadings. On May 13, we granted the motion for judgment on the pleadings as to the facts.

On June 25, 2024, the respondent filed a voluntary surrender of his license to practice law. The respondent states that, for purposes of this voluntary surrender, he freely and voluntarily consents to the entry of an order of disbarment and waives his right to notice, hearing, or appearance prior to the entry of disbarment.

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in pertinent part:

> (A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.
>
> (1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that the respondent has voluntarily surrendered his license to practice law and knowingly does not challenge or contest the truth of the allegations made against him. Further, the respondent has waived all proceedings against him in connection therewith. We further find that the respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration, the court accepts the respondent's voluntary surrender of his license to practice law, finds that the respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately.

The respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316 (rev. 2014) of the disciplinary rules, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, the respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2022) and Neb. Ct. R. §§ 3-310(P) (rev. 2023) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.